**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARLIO BAZAN RICHARDSON

v.                                            Case No. 8:01-CR-191-T-30MSS
                                                              8:04-CV-605-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  Respondent has filed a response to the motion (CV Dkt. 5), and Petitioner has filed a reply thereto (CV Dkt. 6).  The matter is now before the Court for consideration of the merits of the motion.

**Background**

On May 17, 2001, Petitioner was charged in a six-count indictment with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack" or "crack cocaine," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) , and § 846 (Count One), and distribution of 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2 (Count Five) (CR Dkt. 1).

On January 31, 2002, Petitioner, represented by counsel, *see* CR Dkt. 48, appeared before United States Magistrate Judge Mary S. Scriven and, pursuant to a

negotiated plea agreement, *see* CR. Dkt. 60, entered a plea of guilty to Count One of the indictment (CR Dkt. 63). Following the change of plea hearing, Magistrate Judge Scriven reported to this Court that she had determined that the guilty plea was knowledgeable and voluntary, and recommended that Petitioner's plea of guilty be accepted (CR Dkt. 62).  The Court accepted his plea on May 13, 2002 (CR Dkt. 74).

On September 5, 2002, Petitioner was sentenced to a term of 160 months imprisonment, to be followed by a 60-month term of supervised release on Court One (CR Dkt. 84).  In accord with Petitioner's plea agreement, the Government dismissed Count Two of the indictment.  *Id.*  Judgment was entered the next day (CR Dkt. 85). Petitioner appealed the judgment on September 13, 2002 (CR Dkt. 89).  On March 18, 2003, the United States Court of Appeals for the Eleventh Circuit dismissed Petitioner's appeal based upon the appeal wavier in his plea agreement (CR Dkt. 103/CV Dkt. 5, Ex. C).  *See United States v. Richardson*, Case No. 02-15113-HH (11th Cir. 2003).

In the instant motion, Petitioner moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  Petitioner asserts the following claims in support of his motion:

1. Whether the guilty plea was a knowingly and intelligently and voluntary plea of guilty pursuant to the deficient actions of counsel Mr. Hernandez. . . . Petitioner[,] on advise of counsel Hernandez[,] entered this plea when he did not actually understand that the prior criminal record could be used to enhance the sentence ultimately imposed. . . . The provisions of the written plea agreement did not mention anything about the prior criminal record, and thus the Petitioner did not understand the ramifications of the intent of the government;

2. The Petitioner's Sixth Amendment rights were violated by deficient actions of Counsel Hernandez based upon counsel not investigating the prior criminal history of the Petitioner;

>    3.   The Petitioner's Sixth Amendment rights were violated when Counsel Hernandez did not object to the two point offense enhancement for leadership role; and
>
>    4.   The Petitioner's Sixth Amendment rights were violated when Counsel Hernandez did not object to offense level 32 was [sic] adopted by the Court for more than 50 grams of cocaine base was adopted after the court concluded that the actions of Petitioner was based on 43 grams.

CV Dkt. 1 at 4-5. In its response to the petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, the motion should be denied (CV Dkt. 5). For reasons set forth below, the Court agrees.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding. *See Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) (and the cases cited therein), *cert. denied*, 494 U.S. 1018 (1990). A ground of error is usually "available" on direct appeal when its merits can be reviewed without

further factual development. It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993).

Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). The waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

**Evidentiary Hearing**

The Court has carefully reviewed the record and concludes that Petitioner is not entitled to an evidentiary hearing. "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting

28 U.S.C. § 2255). Accordingly, no hearing is required when the record establishes that a § 2255 claim lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The Court finds that an evidentiary hearing is not required in this matter. *See Jones v. United States*, 304 F.3d 1035, 1045 n.18 (11th Cir. 2002); *In re Boshears,* 110 F.3d 1538, 1541 n.1 (11th Cir. 1997) (recognizing that "hearing and findings of fact [are] not required for [a] § 2255 motion where 'the files and records of the case conclusively show that the prisoner is entitled to no relief' " (quoting 28 U.S.C. § 2255)).

## Discussion

The crux of Petitioner's complaint is that the sentence he received is greater than he expected to receive when he signed the plea agreement. Petitioner has had the benefit of his bargain – Count Two of the indictment was dismissed. The Government is likewise entitled to the benefit of its bargain.

When he executed the plea agreement, Petitioner acknowledged that it "constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea" (Dkt. 60 at 15). Petitioner initialed the bottom of pages 4, 10, and 15 of the plea agreement, and both he and his attorney signed the document, certifying that the "plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms." *Id.* at 15. One of the effects of the plea agreement was that Petitioner waived his right to appeal any factual or legal finding made by the Court in calculating the appropriate guideline

range, unless the Court upwardly departed or the Government appealed.

In this circuit, "written plea agreements [are considered] to be part of the record of the Rule 11[1] hearing." *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991) (footnote added); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985), *cert. denied,* 477 U.S. 904 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence).  "[W]here a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with . . . [and] [t]he defendant's substantial rights were not violated."  *United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998) (citation omitted).  *See also United States v. Clark*, 274 F.2d 1325, 1330 (11th Cir. 2001).  The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342.

Rule 11(b)(1) provides, *inter alia*, that a court accepting a plea inform the defendant of the maximum possible penalty, including imprisonment and any

---

[1]"Before the court accepts a plea of guilty . . . , the defendant may be placed under oath, and the court must address [him] personally in open court. . . . [T]he court must inform the defendant of, and determine that the defendant understands, the following:  (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D) the right to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceeding; (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere; (G) the nature of each charge to which the defendant is pleading; (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) the court's obligation to apply the Sentencing Guidelines, and the court's discretion to depart from those guidelines under some circumstances; and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Rule 11(b)(1)(A)-(N), Fed. R. Crim. P.

mandatory minimum penalty. Rule 11(b)(1)(H)-(I), Fed. R. Crim. P. In her report to the Court, Magistrate Judge Scriven states that after "consideration of the Defendant's demeanor, his answers to the Court's questions, [and] consideration of the plea agreement and the indictment on which it is based . . . [Defendant's] guilty plea is knowing, intelligent, and voluntary" (CR Dkt. 101 at 40). A review of the transcript of the change of plea hearing confirms that Judge Scriven reviewed the plea agreement with Petitioner, including the appeal waiver provision (CR Dkt. 101 at 18-28).

Finally, even if his claims were not waived by the appeal waiver, he still would not be entitled to the relief he seeks because the record refutes each of Petitioner's claims. A review of the plea agreement confirms that Petitioner acknowledged therein that he was aware that he would be sentenced under the applicable provisions of the sentencing guidelines, that he and trial counsel had discussed the sentencing guidelines, and he understood how the guidelines were applicable in his case (Dkt. 60 at 10).

Next, contrary to Petitioner's assertion otherwise, the Court found "that the Government ha[d] proven beyond a reasonable doubt that Mr. Richardson sold the 31 grams of cocaine on April 9th, and the 12 grams of cocaine that was found in Mr. Spires' possession at the time of his arrest, but they have not proven beyond a reasonable doubt that he had the present ability to sell the 53 grams on April 11." Dkt. 97 at 45. The following exchanged then occurred:

> Court: Well, what change does that make to the guidelines so far?
> 
> Probation: Two points, Your honor.
> 
> Court: So instead of an offense level 31, we're looking at a 29?
> 
> Probation: Correct.

*Id.* at 48.

> Court: All right, let me do the guidelines first.
>
> The Court adopts the undisputed factual statements in the guideline applications as contain[ed] in the Pre-Sentence Report, and as to the controverted factual statements in the guidelines applications, the Court adopts the position of the Probation Office as stated in the addendum, except as to the 53 grams on April 11th as previously ruled by the Court.
>
> Therefore, the Court determines that the applicable guidelines are total offense level 29, criminal history category five.

*Id.* at 54.

Moreover, trial counsel did object to the calculation of Petitioner's criminal history category. *Id.* at 50-51. Having afforded trial counsel an opportunity to confer with Petitioner about his prior convictions, the Court offered to continue the proceedings. Instead, trial counsel requested a recess so that he could discuss the matter with Petitioner. When the Court reconvened, trial counsel conceded that he had examined the records of the offenses, and they appeared to be in order. *Id.* at 52-53. Trial counsel stated that he had nothing which refuted the records used in the calculation of Petitioner's criminal history except Petitioner's recollection that he was not sentenced to serve 60 days in the county jail at age 17. *Id.* at 52.

Finally, trial counsel did object, albeit unsuccessfully, to the Court's decision that Petitioner was subject to an upward adjustment based on his role in the conspiracy as a supplier and manager. *Id.* at 53. Trial counsel presented a coherent, well-reasoned argument on Petitioner's behalf.  Generally, trial counsel is not ineffective merely because a court overrules an objection he presents on the defendant's behalf.  Petitioner fails to overcome the presumption that trial counsel's

performance was objectively reasonable under the circumstances. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).

## Conclusion

Having reviewed the record, the arguments presented by the parties, applicable statutes, and controlling case law in this circuit, the Court finds that Petitioner has not demonstrated that he is entitled to relief under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (Case No. 8:04-CV-605-T-30EAJ, Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2005.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
All Parties/Counsel of Record

SA:jsh/jd